IN THE SUPREME COURT OF NORTH CAROLINA

No. 192A23

Filed 23 May 2024

IN RE SOUTHEASTERN EYE CENTER

Appeal pursuant to N.C.G.S. § 7A-27(a)(3) from an order entered on 9 March 2023 by Judge Louis A. Bledsoe III, Chief Business Court Judge, in Superior Court, Wake County, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(b). Heard in the Supreme Court on 10 April 2024.

*Oak City Law, LLP, by Robert E. Fields III, plaintiff-appellee.*

*James Mark McDaniel Jr., pro se, defendant-appellant.*

PER CURIAM.

This Court, once again, dismisses an appeal from James Mark McDaniel Jr., appellant in this case, for failing to demonstrate grounds for appellate review. The underlying facts are well summarized by the Business Court's numerous orders throughout the pendency of this case. *See Old Battleground Props., Inc. v. Cent. Carolina Surgical Eye Assocs., P.A.*, No. 15 CVS 1648, 2015 WL 846697 (N.C. Super. Ct. Feb. 25, 2015).

The Business Court's order is appropriately succinct. In denying appellant's request, the court wrote:

> [Appellant] released [his claim] through his execution of

two release documents: (i) the Settlement Agreement and Release dated 6 August 2015 . . . and (ii) the Release dated 3 September 2015 . . . .

. . . .

. . . Indeed, [appellant] does not challenge the Receiver's release-based argument and instead advances equitable considerations that do not alter the fact that he has released the [c]laim that he now seeks to advance.

On 1 March 2018, this Court entered orders in 168A17, 259A17, and 358A16-1 dismissing appellant's appeals for failing to demonstrate grounds for appellate review under N.C.G.S. § 7A-27(a)(3). *See* N.C.G.S. § 7A-27(a)(3) (2023). On 12 October 2023, we again entered an order in 358A16-2 dismissing an appeal filed by appellant for failing to demonstrate grounds for appellate review. Today, for the fifth time, we again dismiss appellant's case for failing to demonstrate grounds for appellate review. As with the prior orders, the Business Court's order is interlocutory as the litigation is ongoing. Instead of addressing why this Court should exercise its jurisdiction, appellant advances arguments unrelated to any meaningful appellate review. Appellant's failure to appeal a final order from the Business Court or argue how the Business Court's order "affects a substantial right" deprives this Court of our ability to perform appellate review. *KNC Techs., LLC v. Tutton*, 381 N.C. 475, 476 (2022). Accordingly, this Court lacks jurisdiction to rule on appellant's case.

Although we ultimately dismiss appellant's appeal for lack of appellate jurisdiction, we pause to note that, as he did in the Business Court, appellant advances arguments to this Court which neither address the receiver's argument nor

affect the fact that he has released his claim in two separate documents. Moreover, this is not the first instance of appellant advancing arguments inappropriate for our review.

Appellant has again failed to demonstrate that this Court has appellate jurisdiction under N.C.G.S. § 7A-27(a)(3). Appellant's continued egregious flouting of the appellate rules and utter disregard for this Court's time and resources is unacceptable. Sanctions against appellant would be appropriate if this behavior continues.

DISMISSED.